# EXHIBIT A

**Filed**
**D.C. Superior Court**
**02/18/2018 21:33PM**
**Clerk of the Court**

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **JEAN-MICHEL BARTOLO**<br>**11103 Yellow Leaf Way**<br>**Germantown, MD 20876** | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| **v.** | ) ) | **Case No.** 2018 CA 001093 B |
| **WHOLE FOODS MARKET GROUP, INC.**<br>**5515 Security Lane, Suite 900**<br>**Rockville, MD 20852** | ) ) ) | **Jury Trial Demand** |
| **and** | ) ) | |
| **JANE MUELLER**<br>**5515 Security Lane, Suite 900**<br>**Rockville, MD 20852** | ) ) ) | |
| *Defendants.* | ) ) ) | |

## COMPLAINT

Plaintiff Jean-Michel Bartolo, by and through his attorneys, files this Complaint against the Whole Foods Market Group, Inc. ("Whole Foods") and Jane Mueller (collectively "Defendants"), and for his Complaint states as follows.

1.      Plaintiff Jean-Michel Bartolo seeks relief pursuant to a common law claim of defamation, including but not limited to declaratory, injunctive, and other equitable relief, compensatory and punitive damages, litigation expenses, and reasonable attorneys' fees, based on Defendant's violation of Plaintiff's rights.

### Jurisdiction and Venue

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to D.C. Code § 11-921.

3.      Venue is proper in this Court in that the events and omissions giving rise to Plaintiff's

claims occurred here in the District of Columbia and Defendants may be found here.

## Parties

4.      Mr. Bartolo was the former Store Team Leader at the Whole Foods Georgetown store in Washington, D.C. He is a citizen of the United States and a resident of Maryland.

5.      Defendant Whole Foods Market is a supermarket chain specializing in organic foods with grocery stores in the Washington, D.C. area and multiple other states throughout the United States. Defendant Jane Mueller is employed by Whole Foods as a Vice President of the Whole Foods Mid-Atlantic Region.

## Facts

6.      Mr. Bartolo began employment at Whole Foods in 1997 and worked as a Store Team Leader at Whole Foods for fourteen years at different stores in the Washington, D.C. area. In January 2013, Mr. Bartolo became the Store Team Leader of the Georgetown store. Throughout his tenure, Mr. Bartolo met and exceeded Whole Foods' performance expectations and received annual bonuses because he met profit margin expectations, provided accountability, and motivated his subordinates. Mr. Bartolo began reporting to Scott Allshouse, the President of the Whole Foods Mid-Atlantic Region, in 2012.

7.      In September 2016, Mr. Bartolo discovered that some Whole Foods store team leaders were inappropriately manipulating Whole Foods' Gainsharing program. The Whole Foods Gainsharing program awards bonuses to employees whose departments come in under budget for the month. Under the Gainsharing program, if a department comes in under budget, the surplus is distributed among the employees in that department as a bonus. Nationwide, Whole Foods adhered to a corporate practice of shifting labor costs as part of the "one team, one store" policy, with the goal of maximizing corporate profits. In some stores, leadership was directed to shift the labor cost of an underperforming department to an over performing department so that bonuses earned by the

over performing department would be reduced by the costs it absorbed from other departments. As a result, employees in an over performing department did not receive the bonuses they earned because their department would no longer come in under budget with the additional shifted labor costs. This practice was known as "shifting of labor costs," which was encouraged as part of the "one team, one store" policy and was implemented in some Whole Foods stores. The information on the Gainsharing program for each store was prepared by each store's payroll and benefits specialist and reported directly to the regional office.

8.      In October 2016, Mr. Bartolo called Steven Fader, the store team leader at another store, to express his concerns about wage manipulation in the Gainsharing program. Mr. Fader informed Mr. Bartolo that he knew that the Reston store team leader was shifting labor costs because Mr. Fader's Associate Store Team Leader, Pia daSilva, previously worked at the Reston store and observed the team leader shifting labor costs. Mr. Fader confided in Mr. Bartolo that in June 2016, Mr. Fader notified Nicole Wescoe, the then-Executive Coordinator of Operations, about the practice, and Ms. Wescoe ignored Mr. Fader's report and attempted to cover up this practice. Mr. Bartolo was appalled by this unethical behavior and theft of employee wages and called EthicsPoint, Whole Foods' anonymous tip line, and reported this violation around mid-October 2016. Based on Whole Foods' policy, Whole Foods was required to respond to the tip report within fourteen days. Rose Smith, the Senior Human Resource Generalist at Whole Foods, responded to Mr. Bartolo's complaint and stated that his tip report was without merit. Mr. Bartolo continued to call the tip line multiple times and gave detailed information and encouraged employees from the stores that were impacted by the theft of wages to call the Whole Foods' tip line. Late in October 2016, Whole Foods initiated an investigation of the Gainsharing program violation through Joe Faul, the Program Director of Loss Prevention Innovations (LPI).

9.      On November 14, 2016, Mr. Faul interviewed Mr. Bartolo as part of the investigation.

3

In addition to Mr. Faul, Melekte Petros from Whole Foods attended the interview and transcribed the meeting. During the meeting, Mr. Bartolo told Mr. Faul that he did not violate the Gainsharing program and revealed that he was the one who initially reported the Gainsharing program violations to the tip line. Ms. Petros transcribed Mr. Bartolo's declaration into the investigative report. Mr. Bartolo was later cleared of any wrongdoing because he did not violate the Gainsharing program.

10.     Scott Allshouse, the Mid-Atlantic Region President of Whole Foods, met with Mr. Bartolo on November 20, 2016 at the Georgetown store regarding Mr. Bartolo's tip line reports. Mr. Allshouse was angry because he is responsible for the stores that Mr. Bartolo reported to the tip line. In addition, Mr. Allshouse was investigated by LPI due to suspicions that he was involved in the violation of the Gainsharing program. Mr. Allshouse told Mr. Bartolo that he should not have reported the Gainsharing program violations to the tip line and should have reported the violations directly to him.

11.     Whole Foods investigated about thirty team leaders regarding the theft of employee wages over a five-week period. In December 2016, Whole Foods accused nine store team leaders of using the Gainsharing program to their benefit at the expense of the employees and terminated the store team leaders. On December 23, 2016, the store team leaders filed a three-count Complaint in the D.C. Superior Court against Whole Foods, Complaint and Jury Demand, *Vasquez, et al. v. Whole Foods Market Group, Inc., et al.*, No. 2016 CA 009186 B (D.C. Super. Ct. Dec. 28, 2016), alleging Wrongful Termination—Retaliation for Blowing the Whistle, Wrongful Termination—Breach of Contract and Breach of Implied Duty of Good Faith and Fair Dealing, and Defamation. This Complaint was removed to the U.S. District Court for the District of Columbia. On December 23, 2016, former and current employees at a Washington, D.C. Whole Foods store filed a federal class action lawsuit against Whole Foods, alleging that Whole Foods cheated employees out of bonuses and seeking $200 million in damages. Whole Foods has concealed the fact that Ms. Wescoe, now

the Regional Vice President, was notified as early as June 2016 of the practice of theft of employee wages in the Gainsharing program.

12.     Mr. Bartolo continued to work at the Georgetown store through February 2017. On February 7, 2017, Mr. Bartolo learned that he would transfer to the Tenleytown store and scheduled a short vacation beginning on February 9, 2017. On February 8, 2017, the Georgetown Whole Foods store passed a safety inspection conducted by the District of Columbia government. After the Georgetown store passed the inspection, an employee reported health code violations to a government agency, and government health inspectors returned to the store on February 9, 2017 and saw mice droppings. District of Columbia health inspectors closed down the store and placed on the entrance of the store a public sign regarding the closure at 6:15 p.m. Mr. Allshouse arrived at the store shortly before 6:30 p.m. He removed the sign and instructed the team leader that the store would remain open, and he would take responsibility for the consequences of reopening the store. The store remained open until 7:30 p.m. and continued to check out customers until 8:00 p.m. Mr. Allshouse delayed the store closing and collected approximately $8,000 in additional sales. The closure of the store was reported on the local news in Washington, D.C.

13.     When Mr. Bartolo was alerted to the closure of the store, he ended his vacation and returned to the store at 1 a.m. on February 10, 2017. There, he found cleaning crews, construction contractors, and team members, working to address the issues. At the beginning of the business day on February 10, 2017, Mr. Bartolo went to the District of Columbia health inspector's office to pay the fine and get the store opened as soon as possible. He paid the violation fee and presented a Corrective Action Plan. The health inspectors re-inspected the location and the store was reopened on February 10, 2017 around 2:30 p.m. Before the store reopened, Mr. Allshouse called a team meeting and told the team members that this was the Georgetown store's one and only mistake and everyone makes mistakes. He warned the team that there would be repercussions for further

mistakes. Mr. Allshouse met separately with Mr. Bartolo and told him he was angry because David

Lannon, Whole Foods' Executive Vice President of Operations, yelled at Ms. Allshouse because the

Executive Team was angry that Mr. Allshouse did not notify the Executive Team of the closing of

the store and they learned about the closure from the news. According to Mr. Allshouse—"I got my

ass chewed out by David Lannon because I was supposed to report to the Executive Team when a

store closes and someone saw it on the news, and David Lannon called me and screamed at me

asking why I had not told anyone." Mr. Bartolo returned to work after the store reopened, and no

one spoke with him regarding his role in the closure. From February 10, 2017 through February 13,

2017, Mr. Bartolo worked fifteen to eighteen hour workdays to complete repairs in the store and to

cover holes in the back room of the store.

14.     On February 14, 2017 at 7:45 a.m., Mr. Bartolo was terminated by Jane Mueller and

Dave Gearhart at the Georgetown store. Mr. Bartolo was informed that he was being terminated

because his leadership resulted in poor standards which led to the closing of the store by the Health

department. Following his termination, Defendant Mueller announced at a meeting of team members

that Plaintiff Bartolo was terminated because the store was shut down by the Health Department.

15.     Following the closing of the store, several team members wrote to the CEO of Whole

Foods, John Mackey, and senior executive Ken Meyer complaining about the termination of Plaintiff

Bartolo.  One team member complained: "I find it appaling (sic) that Jane Mueller fired Jean

Michelle (sic) Bartolo this past Tuesday February 14th for (according to her own words) the store

being shut down by the health department.  I find it absolutely unfair since I have witnessed JM

reaching out to Jane numerous times telling her that we need to escalate the response of pest control

to get the rodent problem under control and SHE NEVER DID.  JM did everything right, everything

by the book and he got used as a scape goat by Jane Mueller to save herself.  AND to add salt to the

wound we have Scott Allhouse VP of the Mid-Atlantic region BREAKING THE LAW without any

repercussion.  I was witness to Scott ripping off the health department's notice of the store being sh[u]t down from [o]ur door and commanding every TM to get back to work saying 'we are NOT closing down.'"

16.     Prior to the store closure, Mr. Bartolo attempted to control the pest issue, and reported the rodent issue to senior management at Whole Foods and no action was taken. Whole Foods has an animal rights policy which prevented him from using traps, without authorization, to rid the store of mice. Throughout 2016, Mr. Bartolo and Derek Gruber, his assistant, reported pest issues and contacted various managers at Whole Foods to obtain authorization to use traps. Mr. Bartolo also had his manager, David Pinkney, Executive Coordinator of Operations, request traps for the Georgetown store. However, Whole Foods denied Mr. Bartolo's requests multiple times. When Whole Foods altered its procedure and allowed store team leaders to use mouse traps in January 2017, Mr. Bartolo obtained 400 mouse traps and glue boards to manage the pest issue in the same month. From December 2016 to February 2017, Mr. Bartolo had weekly conference calls with Jane Mueller and Steritech, Whole Foods' pest control contractor, regarding the issue of mice at the Georgetown store. When Steritech denied mice activity at the store, Mr. Bartolo requested that Whole Foods obtain a new Steritech representative for the Georgetown Store. Whole Foods did not even mention Mr. Bartolo's efforts to control the pest issue when terminating him. In addition, Mr. Bartolo is aware of other Whole Foods stores that were closed because of safety inspections, and Whole Foods has never previously terminated a store team leader due to a temporary closing of a store after a health inspection.

17.     At the time Mueller made the statement to Whole Foods team members that Plaintiff Bartolo was terminated because he was responsible for the store being shut down by the Health Department, she knew the statement was false and defamatory.  Defendant Whole Foods and Defendant Mueller and Scott Allshouse knew that the statement that Mr. Bartolo was responsible for

the rodent issue which caused the store to be shut down was false.  In a lawsuit filed by Whole Foods against its landlord, Mr. Allshouse signed a Verified Amended Complaint, stating under oath that the rodent problem at the Georgetown store was caused by the inferior structural design of the building and Whole Foods had done everything within its power to control the rodent problem, which directly conflicts with the claim that Plaintiff Bartolo caused the rodent problem, which caused the store to be closed by the Health Department

18.     On February 25, 2017, Mr. Bartolo disputed his termination through Whole Foods' Fair Hearing procedure. Whole Foods' policy dictates that Whole Foods will "review the dispute, investing facts in the case, and uphold, modify or overturn the original decision within 14 calendar days of receiving the written objection." However, Whole Foods did not make a determination by its own deadline.   Whole Foods senior management decided that due to the negative press coverage, it would continue to blame Mr. Bartolo for the poor management of the store which led to the store being closed by the Health Department.

19.     On or around March 8, 2017, the Whole Foods Georgetown store found twenty bags of chips torn open by mice. The staff members also found mice nibbling on bread. Whole Foods discovered that the entire P1 level of the Georgetown store was infested with mice and would cost around $100,000 to exterminate the infestation. On March 13, 2017 at around 5:00 p.m. health inspectors again visited the Georgetown store. They found chips and pretzels partially eaten by mice and sewer backup. The health inspectors closed the store. On March 16, 2017, Mr. Allshouse told the employees of the Georgetown store that Whole Foods closed the Georgetown store because the twenty-year old facility required major renovation. Mr. Allshouse acknowledged that controlling the pest situation at the store with "aging equipment and intrepid pests" was an "uphill battle."

## Count I

### Defamation
### (*Bartolo v. Whole Foods and Mueller*)

20.     Plaintiff incorporates by reference paragraphs 1 through 19 as if fully stated herein.

21.     To state a claim for defamation, a plaintiff must alleged that: (1) the defendant made a false and defamatory statement concerning the plaintiff; (2) the defendant published the statement without privilege to a third party; (3) the defendant's fault in publishing the statement amounted to at least negligence; and (4) the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

22.     Defendants made a false and defamatory statement concerning Plaintiff Bartolo on February 14, 2017 when they announced at a meeting of team members that Plaintiff Bartolo was terminated because his actions led to the store being closed down by the Health Department.  The statement was published to third parties, and the publication of the statement amounted to at least negligence.  Because the statement impugned Plaintiff Bartolo's professional reputation, it is actionable as a matter of law, but in any event it caused Plaintiff Bartolo special harm.  At the time Defendant Mueller made the statement, she knew it was false because she knew of Plaintiff Bartolo's efforts to address the rodent issue and her inaction, and the widespread rodent issue in the District of Columbia.  In addition, while defaming Plaintiff Bartolo by accusing him of causing the rodent issue which led to the Health Department closing the store, at the same time, Defendant Whole Foods was suing its landlord, asserting through a Verified Complaint signed by Scott Allshouse that Whole Foods had taken appropriate actions to address the rodent issue and that the poor structural design of the building caused the rodent problem at the store.

### Prayer for Relief

WHEREFORE, Plaintiff prays as follows:

9

A.    That the Court issue an Order declaring Defendant Whole Foods and Defendant Mueller defamed Plaintiff Bartolo and declaring Plaintiff eligible to receive equitable and other relief;

B.    Enter judgment against Defendants;

C.    Issue a permanent injunction prohibiting Defendants from breaching its duties in the future;

D.    Order Defendant Whole Foods to place Plaintiff in a Store Team Leader position equivalent to that from which he was terminated;

E.    Enter judgment in favor of Plaintiff against Defendants for all monetary damages available under the law, no less than five million dollars, including but not limited to back pay and front pay in amounts to be determined at trial;

F.    Order Defendants to refrain from any retaliation against Plaintiff or any other person, for participating in or supporting this case in any manner;

G.    Order Defendants to pay compensatory and punitive damages in amounts to be determined at trial;

H.    Order Defendants to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs;

I.    Order Defendants to pay pre-judgment and post-judgment interest as provided by law; and

J.    Grant any other relief the Court deem appropriate under the law.


February 13, 2018                           Respectfully submitted,


                                  _/s/ David A. Branch_____
                                  David A. Branch #438764
                                  Law Offices of David A. Branch & Associates, PLLC
                                  1828 L Street, NW, Suite 820

Washington, DC 20036
(202) 785-2805
davidbranch@dbranchlaw.com

## **JURY DEMAND**

Plaintiff demands a jury trial on all claims against Defendants.



## Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Jean-Michel Bartolo
_____
Plaintiff

vs.                                      Case Number  **2018 CA 001093 B**

Whole Foods Market Group, Inc.
_____
Defendant                    Serve on:

**SUMMONS**                  Whole Foods Market Group, Inc.
                             5515 Security Lane, Suite 900
To the above named Defendant:               Rockville, MD 20852

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney                     _Clerk of the Court_

1828 L Street, NW, Suite 820
_____          By _____
Address                                              Deputy Clerk
Washington, DC 20036

(202) 785-2805
_____          Date  **02/16/2018**
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ


IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                                        Demandante
        contra

                                                        Número de Caso: _____
_____
                                                        Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

                                            Por: _____
_____
Dirección                                                   Subsecretario

                                            Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

        Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                                Vea al dorso el original en inglés
                                See reverse side for English original

                                                                                CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Jean-Michel Bartolo
_____
                                        Plaintiff

                    vs.                                    Case Number  **2018 CA 001093 B**

Jane Mueller
_____
                                        Defendant                Serve on:

                                                              Jane Mueller
                           **SUMMONS**                        5515 Security Lane, Suite 900
To the above named Defendant:                                 Rockville, MD 20852

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____               _Clerk of the Court_
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820
_____        By  _____
Address                                                        Deputy Clerk
 Washington, DC 20036
_____

 (202) 785-2805
_____        Date  **02/16/2018**
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ


        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.


                            See reverse side for Spanish translation
                            Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Jean-Michel Bartolo

Case Number: **2018 CA 001093 B**

vs.

Whole Foods Market Group, Inc.
and Jane Mueller

Date: **February 13, 2018**

☐ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)* David A. Branch

Firm Name:
Law Office of David A. Branch & Assoc., PLLC

Telephone No.:     Six digit Unified Bar No.:
202-785-2805      438764

Relationship to Lawsuit

☑ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand: $_____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: 2017 CA 003898    Judge: Hiram Puig-Lugo    Calendar #:_____

Case No.: 17-cv-1453 (U.S. District Court for the District of Columbia) Calendar#:_____
Judge: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation               ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation               ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile          ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy            ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☑ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution         ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal             ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                            Not Malpractice)                 ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
      (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
      (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
      Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
      Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
      Judgment [ D.C. Code §
      2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
      42-3301, et seq.)

- [ ] 21 Petition for Subpoena
      [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
      (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D.  REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

/s/ David A. Branch                              February 13, 2018
_____                    _____
Attorney's Signature                                      Date

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

BARTOLO JEAN-MICHEL
   Vs.                                                          C.A. No.          2018 CA 001093 B
WHOLE FOODS MARKET GROUP, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge MICHAEL L RANKIN
Date:  February 15, 2018
Initial Conference: 10:30 am, Friday, May 18, 2018
Location:   Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin